27873. McCULLOUGH v. THE STATE.

DECIDED MARCH 9, 1940.

*Kelly & Hicks,* for plaintiff in error.

*J. Ralph Rosser, solicitor-general, Alec Harris,* contra.

BROYLES, C. J. The defendant was convicted of burglary. The indictment charged that he broke and entered the storehouse of B. J. Lowman and stole therefrom various described articles of merchandise, including "one tin box of Bruton's snuff of the value of one dollar, and one bottle of strained honey of the value of fifteen cents." The only evidence tending to connect the accused with the offense was that a similar box of Bruton's snuff was found in his house a few days after the burglary. One witness, a clerk

in the store, attempted to identify that box of snuff as one of the fruits of the burglary. He testified that the box of snuff found in the defendant's possession was the box stolen from the store, but that his only reason for so identifying it was because "the band at the top of it was frayed a little bit. I mean by that, frayed like a shirt collar. Not all of Bruton's snuff is that same way; in other words, that was shopworn a little bit on the shelf, . . there were no markings on the box beyond the fact that the paper wrapping was frayed. . . I think it was Mr. Lowman's, by the paper around the top being worn and frayed. That is the only thing I know about it. That possibly could have happened in other stores, the same as it could have in his. There was not any mark on it except that." The same witness attempted to identify a fifteen-cent bottle of strained honey, found in the defendant's possession, as the bottle of honey which was stolen from the store; but he testified that there were no identifying marks on it, and that similar bottles of honey were "handled everywhere." He further testified: "I could not swear to this jury positively that any of this stuff came from Lowman's store except the snuff. I think that I could truthfully say that box did. I know it. It didn't have any mark on it but the frayed paper. As to whether I am positive that came out of the store, and it could not have occurred that way anywhere, I know by the wrapping on it is all—know it that way. They have all got the same wrapping, but they are not all frayed. But it could have occurred anywhere else. That is the only reason I know it at all is because the wrapping is frayed."

In our opinion the evidence was insufficient to identify the box of snuff or the bottle of honey found in the defendant's possession as an article stolen in the commission of the alleged burglary. It follows that the verdict was unauthorized, and that the court erred in refusing the grant of a new trial.

*Judgment reversed. MacIntyre and Guerry, JJ., concur.*